LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02562-BRO (FFM) | Date | December 19, 2016 |
|---|---|---|---|
| Title | MCAFEE ENTERPRISES, INC. v. YAMAHA CORP. OF AMERICA | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW [78]**

## I.   INTRODUCTION

Defendant Yamaha Corporation of America ("Yamaha") has filed a motion to stay litigation pending *inter partes* review ("IPR") of U.S. Patent No. 6,545,207 ("the '207 Patent").  Plaintiff McAfee Enterprises, Inc. ("McAfee") opposes the motion.

After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, Yamaha's motion is **GRANTED**.

## II.   PROCEDURAL BACKGROUND

McAfee filed this lawsuit in the Northern District of Illinois against Yamaha on October 27, 2015.  (Dkt. 1.)  In March 2016, the Illinois court transferred the case to this District under 28 U.S.C. § 1404(a).  (Dkt. 47.)  After the case was transferred, this Court denied Yamaha's 12(b)(6) motion to dismiss (Dkt. 69), and Yamaha filed its Answer on July 8, 2016.  (Dkt. 70.)  The Court then issued a July 12, 2016 Order (Dkt. 71) setting this case for an October 3, 2016 Scheduling Conference.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02562-BRO (FFM) | Date | December 19, 2016 |
|---|---|---|---|
| Title | MCAFEE ENTERPRISES, INC. v. YAMAHA CORP. OF AMERICA | | |

In the Joint Rule 26(f) Report, Yamaha stated that it was "considering whether to file a Petition for Inter Partes Review ("IPR") to challenge the patentability of all asserted claims" and that it "may move for a stay of this litigation pending the conclusion of the IPR proceedings." (Dkt. 72 at 5.) At the October 3, 2016 Scheduling Conference, Yamaha reiterated its plan to file an IPR petition and did so on October 28, 2016. (Dkt. 78, Ex. A.) The day after the PTAB issued a November 7, 2016 Notice confirming the timely filing of the IPR Petition, Yamaha filed a Notice with the Court (Dkt. 76) and then met and conferred with McAfee regarding its planned stay motion. (Dkt. 78 at 2.)

## III.  LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am., Co.*, 299 U.S. 248, 254 (1936). This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis*, 299 U.S. at 255.

While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). In determining whether a stay is appropriate, courts generally consider three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Id.* at 1030–31.

"[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO review]." *Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (quotations omitted). However, a "court is under no obligation to delay its own proceedings by yielding to ongoing PTO [review] . . . ." *Verinata Health v. Ariosa*

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02562-BRO (FFM) | Date | December 19, 2016 |
|---|---|---|---|
| Title | MCAFEE ENTERPRISES, INC. v. YAMAHA CORP. OF AMERICA | | |

*Diagnostics*, No. C12-05501-SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (quotations omitted).

### IV. DISCUSSION

#### A. Stage of the Proceeding

The first factor is the stage of the proceedings, including "whether discovery is complete and whether a trial date has been set." *See Universal Elecs.*, 943 F. Supp. 2d at 1030–31 (C.D. Cal. 2013).

After the ruling on the motion to dismiss, little has happened substantively. The scheduling conference took place a couple of months ago, but written discovery has just begun in mid-November (Dkt. 78 at 9). Discovery does not close until July 31, 2017, and trial is not set to start until October 10, 2017. (Dkt. 74.) Importantly, the claim construction process has not yet taken place, and the initial *Markman* brief is not due until January 2017 under the briefing schedule proposed by the parties in the Joint Rule 26(f) Report.

Thus, the case is still in early stages. *See Aten*, 2010 WL 1462110, at *6-7 (finding that the early stage of the proceedings weighed in favor of granting a stay where the parties had exchanged infringement contentions and served interrogatories and requests for production, and a trial date was set, but no depositions, expert discovery, or claim construction had occurred).

For these reasons, this factor weighs in favor of granting a stay.

#### B. Simplification of the Issues in Question

The second factor the Court considers is "whether a stay will simplify the issues in question and trial of the case." *Aten*, 2010 WL 1462110, at *6. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470 at *2 (N.D. Cal. Jan. 13, 1995). This is particularly true when a party has requested PTO review of all

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02562-BRO (FFM) | Date | December 19, 2016 |
|---|---|---|---|
| Title | MCAFEE ENTERPRISES, INC. v. YAMAHA CORP. OF AMERICA | | |

the asserted claims of the patent in suit. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958 at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because the defendant's request for reexamination included all claims at issue in the litigation).

Yamaha argues that the IPR could eliminate some or all of the invalidity issues, and that even if the asserted claims survive, the case will be simplified because Yamaha will be estopped from asserting invalidity on any ground that it raised or reasonably could have raised during the IPR. (Dkt. 78 at 11-14.) McAfee responds that the PTO may not institute the IPR, and if it does, it may not do so on every ground, thus preserving prior art that was not considered and other invalidity theories that are outside the scope of the IPR. (Dkt. 103 at 9.)

In this case, Yamaha has filed a petition for IPR, but the PTO has not yet instituted proceedings. The undecided status of the petition clouds the simplification inquiry and makes simplification more speculative. "However, if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay." *Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, No. EDCV 14-01153, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015); *see also Universal Elecs.*, 943 F. Supp. 2d at 1033 (finding that the simplification factor weighs in favor of granting a stay despite the USPTO having not yet decided to institute IPR proceedings).

On the other hand, IPR has the potential to simplify the issues in this case. Because Yamaha has petitioned for IPR on every claim of the patent-in-suit, the outcome of the IPR may be case dispositive. Even if IPR is instituted and claims are not cancelled, IPR estoppel will narrow the issues before the Court and prevent Yamaha from raising grounds that were or reasonably could have been raised. Significant judicial resources will be saved. *See Wonderland*, 2015 WL 1809309, at *3-4 (C.D. Cal. Apr. 20, 2015).

Thus, this factor weighs in favor of granting a stay.

### C. Undue Prejudice or Clear Tactical Disadvantage

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten*, 2010 U.S. Dist. LEXIS

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02562-BRO (FFM) | Date | December 19, 2016 |
|---|---|---|---|
| Title | MCAFEE ENTERPRISES, INC. v. YAMAHA CORP. OF AMERICA | | |

46226, 2010 WL 1462110, at *6.

    McAfee argues that Yamaha's only motivation for filing an IPR was "to unduly prejudice and tactically disadvantage McAfee." (Dkt. 79 at 10.) According to McAfee, Yamaha had agreed to an expedited schedule to get to an early Markman hearing. However, after McAfee provided its infringement contentions under the agreed schedule, Yamaha allegedly reneged on the agreement and informed McAfee that it intended to file a petition for IPR and move to stay the litigation. (*Id.*)

    The evidence, however, does not support a finding of undue prejudice. The proposed dates in the stipulated schedule are not very far in front of what would have been the default *Markman* dates under the N.D. Cal. Patent Rules.[1] But even assuming that the *Markman* hearing is conducted on an expedited basis and that the claim construction dispute results in McAfee's favor, Yamaha would still have other defenses, including invalidity, at its disposal. As noted by Yamaha, it did not agree to forego any of its defenses, including its statutory right to file an IPR petition.

    Notably, the parties are not competitors in any field or product line, including drums. Yamaha has asserted, and McAfee does not dispute, that Yamaha's accused electronic drum kits do not compete with McAfee's "Drumometer." (Dkt. 78 at 14-15.) Further, Yamaha does not appear to have a dilatory motive for requesting a stay. In fact, Yamaha submitted its IPR petition within of month of receiving McAfee's infringement contentions, which suggests that the filing was done diligently within a reasonable time frame.

    The Court finds that this factor weighs in favor of granting a stay.

## V.    CONCLUSION

    Having reviewed the relevant factors and considered the totality of circumstances in this case, the Court finds that the issuance of a stay pending the *inter partes* review has the potential of substantially simplifying the issues before the Court, and would

---

[1] Although the N.D. Cal. Patent Rules do not apply in this case, McAfee would still have been required to serve its infringement contentions early in the case under most patent local rules.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02562-BRO (FFM) | Date | December 19, 2016 |
|---|---|---|---|
| Title | MCAFEE ENTERPRISES, INC. v. YAMAHA CORP. OF AMERICA | | |

serve the interest of judicial economy. For these reasons, Defendant's motion to stay pending *inter partes* review is **GRANTED**.

IS HEREBY ORDERED that this action is removed from the Court's active caseload until further application by the parties or Order of this Court.

In order to permit the Court to monitor this action, the Court orders the parties to file periodic status reports. The first such report is to be filed on February 19, 2017, unless the stay is lifted sooner. Successive reports shall be filed every 90 days thereafter. Each report must indicate on the face page the date on which the next report is due. All pending calendar dates are vacated by the Court. This Court retains jurisdiction over this action and this Order shall not prejudice any party to this action.

**IT IS SO ORDERED.**                                                                                          :

Initials of Preparer